IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID LITER

     Plaintiff,

                              **CASE NO.:** 13-cv-2266 JAR/GLR

v.

NORTHLAND GROUP, INC.,

     Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides within the Judicial District.

6. Defendant transacts business within this Judicial District.

7. The Defendant regularly collects debts by telephone and the mails within this Judicial District.

### PARTIES

8. Plaintiff David Liter is a natural person.

9. Plaintiff resides in the City of Gardner, County of Johnson, State of Kansas.

10. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. The Plaintiff is an "any person" as that term is used within 15 U.S.C. § 1692 et seq. because he is a natural person.

12. Defendant, Northland Group, Inc. is a foreign corporation.

13. Defendant maintains a Kansas resident agent of The Corporation Company, Inc., 112 S.W. 7th Street Suite 3C, Topeka, Kansas 66603.

14. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), because the Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

15. The principal business of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

17. Sometime prior to the filing of the instant action, the Plaintiff and/or his spouse incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account").

18. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. The Account went into default with the original creditor.

20. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the Account.

22. The Plaintiff requests that the Defendant cease all further communication on the Account.

23. The Plaintiff is represented by the undersigned attorney with respect to the subject debt and any other debts collected by Defendant from Plaintiff.

24. The Plaintiff requests that the Defendant validate the debt pursuant to 15 U.S.C. § 1692g.

25. In the year prior to the filing of the instant action, including but not limited to May of 2013, the Defendant, acting through its representatives, employees and/or agents, made telephone calls to the Plaintiff and left voicemail messages for the Plaintiff at his home telephone #. This telephone number, to protect Plaintiff's privacy, will be provided to Defendant or counsel upon request.

26. Upon information and belief, Defendant possesses recordings of the content of telephone calls between Plaintiff and Defendant's representatives.

27. Upon information and belief, Defendant kept and possesses written documentation and/or computer records of telephone calls between Plaintiff and Defendant's representatives.

28. The purpose of these telephone calls was to attempt to collect the Account.

29. The telephone calls conveyed information regarding the Account directly or indirectly to the Plaintiff.

30. The telephone calls each individually constituted a "communication" as defined by FDCPA § 1692a(2).

31. The only reason that the Defendant and/or representatives, employees and/or agents of the Defendant made telephone calls to the Plaintiff was to attempt to collect the Account.

32. During communications, Defendant's agents continued to call Plaintiff after he advised them his former spouse did not reside there and he did not owe the debt, in violation of 15 U.S.C. § 1692d preface.

33. Including but not limited to during May of, employees and/or agents of the Defendant caused Plaintiff's telephone continuously to ring daily, multiple times per day, after advised his spouse did not reside there and he did not owe the debt, with the intent to annoy, abuse and harass Plaintiff in violation of 15 U.S.C. § 1692d preface and d(5). The collector's intent is inferable from the obvious consequences of the conduct. *Meadows v. Franklin Collection Serv., Inc.,* 2011 WL 479997 (11th Cir. Feb. 11, 2011). The collector's intent may be inferred from the obvious consequences of the collector's numerous calls. *Brandt v. I.C. Sys., Inc.*, 2010 WL 582051 (M.D. Fla. Feb. 19, 2010).

34. Including but not limited to within May of 2013, employees and/or agents of the Defendant repeatedly engaged Plaintiff in conversation daily, multiple times per day, after advised his spouse did not live there and he did not owe the debt, with the intent to annoy, abuse and harass Plaintiff in violation of 15 U.S.C. § 1692d

preface and d(5). The collector's intent is inferable from the obvious consequences of the conduct. *Meadows v. Franklin Collection Serv., Inc.,* 2011 WL 479997 (11th Cir. Feb. 11, 2011). The collector's intent may be inferred from the obvious consequences of the collector's numerous calls. *Brandt v. I.C. Sys., Inc.*, 2010 WL 582051 (M.D. Fla. Feb. 19, 2010).

35. The Defendant and its representatives, employees and/or agents above listed statements and actions, taken as a whole, involve unfair and/or unconscionable means to collect or attempt to collect a debt and therefore violate FDCPA 1692f.

36. "The Act [FDCPA] is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

37. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

38. The FDCPA is a remedial statute; it should be construed liberally in favor of the consumer. Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).

39. The FDCPA allows the consumer to orally dispute a debt. Camacho v. Bridgeport Financial Inc., 430 F.3d 1078, 1081 (9th Cir. 2005) and Brady v. The Credit Recovery Company, Inc., 160 F.3d 64, 67 (1st Cir.1998).

40. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. Sambor v. Omnia Credit Servs., 183 F.Supp. 2d 1234, 1240 (D. Haw. 2002).

41. A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all. <u>Mendez v. M.R.S. Assoc.</u>, 2004 WL 1745779, page 2 (N.D.Ill. August 3, 2004).

42. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered damages, including emotional distress.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).

2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. A finding that Defendant violated the FDCPA.

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #20245
9400 Reeds Road Ste 210
Overland Park, KS 66207
mark@meinhardtlaw.com
913-451-9797

ATTORNEY FOR PLAINTIFF